IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LORINDA SOUTHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:12-CV-05027-SWH |
| | ) | |
| THE CITY OF ORONOGO, | ) | |
| BRUCE RICHARDSON, and | ) | |
| BOB RUSSELL, | ) | |
| | ) | |
| Defendants. | ) | |

**SUGGESTIONS IN SUPPORT OF PLAINTIFF'S MOTION FOR
PARTIAL SUMMARY JUDGMENT**

**COMES NOW** the Plaintiff, and for her Suggestions in Support of her Motion for Partial Summary Judgment, states to the Court as follows:

**I.    INTRODUCTION**

The Plaintiff, Lorinda Southard, filed this lawsuit against Defendants City of Oronogo, Bob Russell, and Bruce Richardson alleging various violations of the Fair Labor Standards Act ("FLSA"). Defendants have asserted as an affirmative defense that Plaintiff may not maintain any cause of action under the FLSA because Plaintiff was not an "eligible employee" as required by law. P.Fact 13. Although Defendants have not identified the specific basis supporting their "eligible employee" affirmative defense, Plaintiff assumes that Defendants will attempt to assert one or more of the following specific exemptions: (a) that Plaintiff was a bona fide executive employee under 21 U.S.C.A. § 213(a)(1); and (b) that Plaintiff was a member of an elected official's personal staff, exempting her from the definition of "employee" under 29 U.S.C.A. § 203. Because Defendants failed to specifically plead any particular FLSA exemption, Defendants have waived any affirmative defense based upon an FLSA exemption. *See Rotondo*

1

*v. City of Georgetown, S.C.*, 869 F. Supp. 369, 374 (D.S.C. 1994). For the reasons set forth below, the Plaintiff is entitled to judgment as a matter of law that she was not exempt from the provisions of the FLSA.

## II. APPLICABLE LAW

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment shall be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "Disputes regarding the nature of an employee are questions of fact, but the ultimate question of whether an employee is exempt under the FLSA is an issue of law." *Jarrett v. ERC Properties, Inc.*, 211 F.3d 1078, 1081 (8th Cir. 2000). "Given the remedial nature of the FLSA, exemptions under the Act are to be 'narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and unmistakably within their terms and spirit.'" *In re RBC Dain Rauscher Overtime Litigation*, 703 F.Supp.2d 910, 922 (D.Minn. 2010), quoting *Arnold v. Ben Kanowsky, Inc.*, 361 U.S. 388, 392 (1960).

## III. ARGUMENT

As a preliminary matter, Defendant has not specifically asserted the bona fide executive employee exemption or the exemption for members of an elected official's personal staff under 21 U.S.C.A. § 213(a)(1) and 29 U.S.C.A. § 203, respectively. P.Fact 13. Defendants merely state that Plaintiff was not an "eligible employee as required by law." P.Fact 13. Plaintiff assumes, however, that at some point during this litigation, Defendants will attempt to assert the FLSA exemptions for bona fide executive employees and members of an elected official's personal staff.

"The assertion of an exemption from the mandates of the FLSA is an affirmative defense that must be specifically pleaded by an employer or it is waived." *Rotondo v. City of Georgetown, S.C.*, 869 F. Supp. 369, 374 (D.S.C. 1994), citing *Renfro v. City of Emporia,* 741 F.Supp. 887, 888 (D.Kan.1990), *aff'd,* 948 F.2d 1529, 1539 (10th Cir.1991); *see Ahle v. Veracity Research Co.*, 738 F. Supp. 2d 896, 924 (D. Minn. 2010)("The argument an employer need only plead that its employees are exempt from the FLSA's overtime provisions to preserve all conceivable exemptions is contrary to the pleading standards announced by the Supreme Court in *Bell Atlantic Corp. v. Twombly* and *Ashcroft v. Iqbal,* which deem 'formulaic' or '[t]hreadbare' recitals of the elements of a claim inadequate under Rule 8 of the Federal Rules of Civil Procedure.").

In the present case, Defendants have failed to specifically plead any FLSA exemptions in their affirmative defenses, and only claim that Plaintiff is not an "eligible employee." P.Fact 13. This mere recital of a very broad affirmative defense does not satisfy the pleading standards set forth in *Twombly*. Just as in *Ahle*, the mere assertion that the Plaintiff was not an eligible employee is not sufficient to preserve all conceivable FLSA exemptions. Therefore, Plaintiff is entitled to judgment as a matter of law that she was not exempt from the provisions of the FLSA under the provisions discussed below, as well as any other FLSA exemption the Defendants may attempt to assert at a later time during this litigation.

    **a.**    **Plaintiff was not an exempt executive employee under the FLSA.**

Employees who are "employed in a bona fide executive, administrative, or professional capacity" are exempt from the FLSA's overtime provisions. 29 U.S.C.A. § 213(a)(1). A "bona fide" executive employee under the FLSA is an employee that is:

(1)    Compensated on a salary basis at a rate of not less than $455 per week…, exclusive of board, lodging or other facilities;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
(3) Who customarily and regularly directs the work of two or more other employees; and
(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100.

The Plaintiff did not qualify as an executive employee under the FLSA when she was City Clerk for the City of Oronogo because she did not supervise two or more employees. As City Clerk, the Plaintiff supervised only one employee on her own, the City Collector—at different times that person was Linda Lacey or Pam Heltzel. P.Facts 7, 8, and 12. Plaintiff shared supervision of Cyndi Owings with the Chief of Police, the municipal judge, and the prosecuting attorney. P.Facts 10 and 11. Cyndi Owings served both as the City Treasurer and the Court Clerk. P.Fact 9. When Cyndi Owings was performing her duties as Court Clerk, she was supervised by the Chief of Police, the municipal judge, and the prosecuting attorney. P.Fact 11. Plaintiff did not supervise any other employees besides City Collector and Cyndi Owings. P.Fact 12.

Because the Plaintiff was only responsible for supervising one full-time employee on her own, she did not "customarily and regularly direct[] the work of two or more other employees."

> Hours worked by an employee cannot be credited more than once for different executives. Thus, a shared responsibility for the supervision of the same two employees in the same department does not satisfy this requirement. However, a full-time employee who works four hours for one supervisor and four hours for a different supervisor, for example, can be credited as a half-time employee for both supervisors.

29 C.F.R § 541.104. The Plaintiff, the Chief of Police, the municipal judge, and the prosecuting attorney all shared supervision of Cyndi Owings. P.Fact 10. Ms. Owings' hours cannot be

4

credited more than once for each of the supervisors so that she would count as one full-time employee for each of the supervisors. At the very best, Cyndi Owings could be counted as a half-time employee, so that the Plaintiff "customarily and regularly directed" the work of one and on-half employees—falling short of the two-employee requirement. As such, Plaintiff is entitled to judgment as a matter of law that she was not an exempt employee under 29 U.S.C.A. § 213(a)(1) as a bona fide executive employee.

> b. **Plaintiff was not a member of an elected official's personal staff as defined by the FLSA.**

Those who are selected to be on the personal staff of an elected official are not considered "employees" under the FLSA and are therefore also exempt from the FLSA's overtime provisions. 29 U.S.C.A. § 203. A person is considered a member of an elected official's personal staff if she is "under the direct supervision of the selecting elected official and ha[s] regular contact with such official." 29 C.F.R. § 553.11. This "typically does not include individuals who are directly supervised by someone other than the elected official even though they may have been selected by the official." 29 C.F.R. § 553.11. Some of the factors a court considers when determining whether a person is a member of an elected official's personal staff include "whether the person in the position at issue represents the elected official in the eyes of the public" and "whether the elected official exercises a considerable amount of control over the position." *Baker v. Stone County, Mo.*, 41 F.Supp.2d 965, 986 (W.D. Mo. 1999), quoting *Teneyuca*, 767 F.2d at 151.

Additionally, if the staff member holds a position that is established by the governmental entity's "table of organization," she does not fall within the FLSA's exemption for an elected official's personal staff. As the Department of Labor's Wage and Hour Division has explained:

> In applying the exclusion in section 3(e)(2)(C) of the Act, due weight must be given to the requirement that the individual be a member of the elected official's

personal staff. That is, <u>the work performed must be outside of any position or occupation established by a table of organization as part of a branch of the [city] government</u>.

*Opinion Letter—Fair Labor Standards Act (FLSA)*, WH-362, 1975 WL 40985 (Oct. 28, 1975)(emphasis added). The Plaintiff was not on the personal staff of an elected official because her position, City Clerk, was established by a "table of organization" for the City of Oronogo. P.Facts 5 and 6.

The underlying inquiry resulting in the October 28, 1975 Wage and Hour Opinion Letter, cited above, involved a question of whether the staffs of the State's Attorney, County Treasurer, County Sheriff, and Board of County Commissioners would be exempt from the provisions of the FLSA as members of an elected official's personal staff. In that case, the elected officials had the right to hire and fire their own staffs. The employees of the State's Attorney, County Treasurer, and County Sheriff worked at the complete direction and supervision of the elected official, and the employees were considered representatives of the official for whom they worked. Despite the fact that the employees' work was completely controlled by the elected official and the employees were seen as representatives of the elected official, the Department of Labor's opinion was that the staff members were not exempt employees under the exemption for an elected official's personal staff. This is because the employees were "functional employees of an established unit in the County government." *Opinion Letter—Fair Labor Standards Act (FLSA)*, WH-362, 1975 WL 40985 (Oct. 28, 1975).

Similarly, Plaintiff, as the City Clerk, was a functional employee of an established unit of the city government for the City of Oronogo. *See* P.Facts 4, 5, and 6. Pursuant to the laws of the City of Oronogo, the Mayor is required to appoint or hire a City Clerk. P.Fact 4. It is not a discretionary matter. The position of City Clerk iss clearly a position that was established by a table of organization as a part of a branch of the City Government. P.Facts 4, 5, and 6. As such,

the Plaintiff did not qualify as a member of an elected official's personal staff, and is not exempt from the provisions of the FLSA.

It is appropriate for this Court to give substantial deference to the opinion of the Department of Labor on this matter. "Where the rule to be interpreted 'is a creature of the Secretary's own regulations, [its] interpretation of it is … controlling unless plainly erroneous or inconsistent with the regulation.'" *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 878 (8th Cir. 2011), quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997). "This type of *Auer* deference is appropriate for DOL interpretations of its own regulations, where the regulations 'g[i]ve specificity to a statutory scheme the Secretary [of the DOL] [i]s charged with enforcing and reflect[] the considerable experience and expertise the Department of Labor ha[s] acquired over time with respect to the complexities of the Fair Labor Standards Act.'" *Id.*, quoting *Gonzales v. Oregon*, 546 U.S. 243, 256-57 (2006). As such, this Court should find that, consistent with the Department of Labor Opinion Letter discussed above, the Plaintiff was not a member of an elected official's personal staff as defined by the FLSA because the position of City Clerk was established by a table of organization as a part of a branch of the City Government.

### IV.    CONCLUSION

Plaintiff is entitled to judgment as a matter of law that she was not exempt from the provisions of the FLSA, and on the issues of the FLSA's executive and elected official's personal staff exemptions. First, the Defendants failed to specify any particular exemptions in their affirmative defenses, and have therefore waived those affirmative defenses. Second, the Plaintiff was not a "bona fide" executive employee of the City of Oronogo because she did not supervise two or more full-time employees. Finally, the Plaintiff was not a member of an elected

official's personal staff, as defined by the FLSA, because the position of City Clerk was established as part of the table or organization for a branch of the City Government.

**WHEREFORE**, above considered, Plaintiff respectfully request this Court to grant her Motion for Partial Summary Judgment, and for such other and further relief as this Court deems just and proper under the circumstances.

**NEALE & NEWMAN, L.L.P.**

By: _/s/ Amanda M. Dumey_
    Daniel K. Wooten, #48061
    Amanda M. Dumey, #62861

One Corporate Centre, Suite 1-130
P.O. Box 10327
Springfield, MO 65808-0327
Telephone: 417-882-9090
Facsimile: 417-882-2529 or 882-4988
E-mail: adumey@nnlaw.com
*ATTORNEYS FOR PLAINTIFF*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that true and correct copy of the foregoing document was served upon:

    William P. Denning, Esq.
    Sanders Warren & Russell, LLP
    40 Corporate Woods 9401
    Indian Creek Parkway, Suite 1250
    Overland Park, KS  66210
    Telephone: (913) 234-6100
    Facsimile: (913) 234-6199
    w.denning@swrllp.com

    (  )    by hand-delivering a copy to him/her,
    (  )    by leaving a copy at his/her office with the clerk,
    (  )    by leaving a copy at his/her office with an associated attorney,
    (  )    by mailing a copy to him/her, as prescribed by law,
    (  )    by transmitting a copy to him/her by facsimile transmission
    ( x )    by transmitting an electronic copy to him/her as a consenting attorney
            on record with the Court;

on the 31st day of October, 2012.

                                    NEALE & NEWMAN, LLP

                                    By:   */s/ Amanda M. Dumey*
                                            Daniel K. Wooten, #48061
                                            Amanda M. Dumey, #62861

                                    1949 E. Sunshine, Suite 1-130
                                    Springfield, MO  65804
                                    Telephone: (417) 882-9090
                                    Facsimile: (417) 882-2529
                                    E-mail:  adumey@nnlaw.com
                                    *ATTORNEYS FOR PLAINTIFF*