IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| LORINDA SOUTHARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 12-05027-CV-SW-SWH |
| | ) | |
| THE CITY OF ORONOGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Pending before the Court is Plaintiff's Motion for Partial Summary Judgment (doc #55).

Specifically, plaintiff requests the entry of partial summary judgment on the following grounds:

      1.    There are no material uncontroverted facts with regard to the Fair Labor Standard Act's ("FLSA") exemption for bona fide executive employees under 29 U.S.C. § 213(a)(1) from the FLSA's overtime provisions, and Plaintiff is entitled to judgment as a matter of law that she was not an exempt executive employee.

      2.    There are no material uncontroverted facts with regard to the FLSA's exemption of members of an elected official's person staff from the definition of "employee" under 29 U.S.C. § 203, and Plaintiff is entitled to judgment as a matter of law that she was not a member of an elected official's personal staff.

      3.    There are no material uncontroverted facts with regard to Defendants' assertion that Plaintiff was not an "eligible employee" under the FLSA in their Affirmative Defenses. The Defendants failed to assert specific exemptions under the FLSA in their Affirmative Defenses. As such, Plaintiff is entitled to judgment as a matter of law that she was not an exempt employee under the FLSA.

(Plaintiff's Motion for Partial Summary Judgment (doc #55) at 1-2)

Pursuant to Federal Rule of Civil Procedure 56, summary judgment is granted when the pleadings and evidence show that there is no genuine issue of material fact and the moving party

is entitled to judgment as a matter of law. The burden is on the moving party to show the absence of evidence to support the nonmoving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). The nonmoving party may not rest upon allegations or general denials, but must come forward with specific facts to prove that a genuine issue for trial exists. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). The Court must review the facts in the light most favorable to the party opposing the motion for summary judgment and give that party the benefit of any inferences that logically can be drawn from those facts. See Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

With these standards in mind, the Court will address each of plaintiff's arguments for partial summary judgment.

## I. ASSERTION OF SPECIFIC FLSA EXEMPTIONS

At the outset, plaintiff argues that she is entitled to judgment as a matter of law that she was not exempt from the provisions of the FLSA in that defendants failed to adequately plead an exemption under the FLSA in their answer. Specifically, plaintiff argues:

> As a preliminary matter, Defendant has not specifically asserted the bona fide executive employee exemption or the exemption for members of an elected official's personal staff under [29] U.S.C.A. § 213(a)(1) and 29 U.S.C.A. § 203, respectively. … Defendants merely state that Plaintiff was not an "eligible employee as required by law." … Plaintiff assumes, however, that at some point during this litigation, Defendants will attempt to assert the FLSA exemptions for bona fide executive employees and members of an elected official's personal staff.
>
> "The assertion of an exemption from the mandates of the FLSA is an affirmative defense that must be specifically pleaded by an employer or it is waived." Rotondo v. City of Georgetown, S.C., 869 F. Supp. 369, 374 (D.S.C. 1994), citing Renfro v. City of Emporia, 741 F. Supp. 887, 888 (D. Kan. 1990), aff'd, 948 F.2d 1529, 1539 (10th Cir. 1991); see Ahle v. Veracity Research Co., 738 F.Supp.2d 896, 924 (D. Minn. 2010)("The argument an employer need only plead that its employees are exempt from the FLSA's overtime provisions to preserve all conceivable exemptions is contrary to the pleading standards announced by the Supreme Court in Bell Atlantic Corp. v. Twombly and Ashcroft

2

> v. Iqbal, which deem 'formulaic' or '[t]hreadbare' recitals of the elements of a claim inadequate under Rule 8 of the Federal Rules of Civil Procedure.").
>
> In the present case, Defendants have failed to specifically plead any FLSA exemptions in their affirmative defenses, and only claim that Plaintiff is not an "eligible employee." … This mere recital of a very broad affirmative defense does not satisfy the pleading standards set forth in Twombly. Just as in Ahle, the mere assertion that the Plaintiff was not an eligible employee is not sufficient to preserve all conceivable FLSA exemptions. Therefore, Plaintiff is entitled to judgment as a matter of law that she was not exempt from the provisions of the FLSA under the provisions discussed below, as well as any other FLSA exemption the Defendants may attempt to assert at a later time during this litigation.

(Suggestions in Support of Plaintiff's Motion for Partial Summary Judgment (doc #56) at 2-3)

First, the Court notes that it has previously ruled that the heightened pleading requirements set forth in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), do not apply to affirmative defenses. See Willis v. Quad Lakes Enterprises, 2011 WL 3957339, *2 (W.D. Mo. Sept. 7, 2011). Further, the cases cited by plaintiff in support of its argument would even suggest that the affirmative defense as pled in this case[1] is sufficient so long as the specific exemptions are raised prior to the close of discovery and the deadline for filing dispositive motions. See Renfro v. City of Emporia, 948 F.2d 1529, 1539 (10th Cir. 1991)("City's failure to affirmatively plead the [exemption from FLSA] defense prior to the grant of summary judgment in favor of [plaintiff] was an effective waiver"); Ahle v. Veracity Research Co., 738 F.Supp.2d 896, 923-25 (D. Minn. 2010)(while assertion in answer that plaintiffs "are exempt from the overtime provisions of the FLSA" was not sufficient to preserve all conceivable exemptions after discovery had closed and deadline for dispositive

---

[1] The Answer of Defendants sets forth the following affirmative defense: "Defendants state that plaintiff may not maintain any cause of action under the FLSA as plaintiff is not an eligible employee as required by law." (Doc #2 at p. 6, ¶ 14)

3

motions had passed, several specific exemptions were addressed in summary judgment ruling); Rotondo v. City of Georgetown, 869 F. Supp. 369, 374 (D.S.C. 1994) (exemption deemed waived where defendant raised exemption for the first time in motion for summary judgment).

As set forth above, the Answer of Defendants sets forth the following affirmative defense: "Defendants state that plaintiff may not maintain any cause of action under the FLSA as plaintiff is not an eligible employee as required by law." (Doc #2 at p. 6, ¶ 14) In Defendant the City of Oronogo's Supplemental Answers to Plaintiff's First Set of Interrogatories, defendant provided the following response to the Interrogatory – "Describe why Plaintiff is not an "eligible employee" as described in paragraph 14 of your Affirmative Defenses:"

> Defendant states that plaintiff may not have been an employee eligible for overtime under federal or state law or regulations as plaintiff was appointed by the mayor/board of alderman, was not subject to civil service laws, and was employed by the Board of Alderman. Defendant further states that Southard may not have been eligible for overtime under federal or state law and/or regulations because Southard was compensated on a salary basis at a rate of more than $455 per week, her primary duties were the performance of office or non-manual work directly related to the management or general business operations of the City, and her primary duties included the exercise of discretion and independent judgment with respect to matters of significance. …

(Doc #63-5 at p. 2, ¶ 14) The first sentence of defendant's answer to plaintiff's interrogatory tracks the language of the FLSA's exemption for members of an elected official's person staff from the definition of "employee" under 29 U.S.C. § 203. The second sentence tracks the language of the regulation relating to the FLSA's exemption for administrative employees under 29 U.S.C. § 213(a)(1) from the FLSA's overtime provisions. Thus, the Court finds that defendants have adequately pled the exemption of members of an elected official's person staff

4

as well as the exemption for administrative employees.[2]

## II. EXECUTIVE EMPLOYEE EXEMPTION

In <u>Jarrett v. ERC Properties, Inc.</u>, 211 F.3d 1078 (8th Cir. 2000), the Court set forth the following general guidance for exemption questions under the FLSA:

> The FLSA requires covered employers to compensate non-exempt employees at overtime rates for time worked in excess of statutorily-defined maximum hours. <u>See</u> 29 U.S.C. § 207(a). The statute exempts certain employees from its overtime protections, including "any employee employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The Secretary of Labor has promulgated extensive regulations defining the types of employees who fall within these exemption categories. <u>See</u> 29 C.F.R. pt. 541 ….

211 F.3d at 1081.

The regulation setting forth the "General rule for executive employees" provides:

(a) The term "employee employed in a bona fide executive capacity" in section 13(a)(1) of the Act shall mean any employee:

> (1) Compensated on a salary basis at a rate of not less than $455 per week … exclusive of board, lodging or other facilities;

---

[2]The Court notes that plaintiff has moved for summary judgment on the issue of whether plaintiff falls within the exemption for executive employees, but not on the issue of whether plaintiff falls within the exemption for administrative employees. While the exemption set forth at 29 U.S.C. § 213(a)(1) states that the minimum wage and maximum hour requirements shall not apply with respect to "any employee employed in a bona fide executive, administrative, or professional capacity," the rule for determining who qualifies as an "employee employed in a bona fide executive capacity" is different from the rule for determining who qualifies as an "employee employed in a bona fide administrative capacity" and the rule for determining who qualifies as an "employee employed in a bona fide professional capacity." <u>See</u> 29 C.F.R. § 541.100, General rule for executive employees; 29 C.F.R. § 541.200, General rule for administrative employees; 29 C.F.R. § 541.300, General rule for professional employees. Given that plaintiff has moved for summary judgment on the executive employee exemption, the Court will address this exemption. As plaintiff has not moved for summary judgment on the administrative employee exemption, this Order does not address the applicability of the administrative employee exemption.

5

>(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;
>
>(3) Who customarily and regularly directs the work of two or more other employees; and
>
>(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100. The regulations provide further explanation of the term "who customarily and regularly directs the work of two or more other employees." Section 541.104 provides in part:

>(a) To qualify as an exempt executive under § 541.100, the employee must customarily and regularly direct the work of two or more other employees. The phrase "two or more other employees" means two full-time employees or their equivalent. …
>
>(b) The supervision can be distributed among two, three or more employees, but each such employee must customarily and regularly direct the work of two or more other full-time employees or the equivalent. Thus, for example, a department with five full-time nonexempt workers may have up to two exempt supervisors if each such supervisor customarily and regularly directs the work of two of those workers.
>
>* * *
>
>(d) Hours worked by an employee cannot be credited more than once for different executives.[3] Thus, a shared responsibility for the supervision of the same two employees in the same department does not satisfy this requirement. However, a full-time employee who works four hours for one supervisor and four hours for a different supervisor, for example, can be credited as a half-time employee for both supervisors.

---

[3] Defendants argue that since plaintiff is the only "executive" in the City of Oronogo, hours worked by an employee for whom plaintiff shares supervision with another supervisor can be credited entirely to plaintiff for purposes of qualifying for the executive employee exemption. Defendants cite no authority for this argument and the Court finds the argument to be in conflict with the wording and spirit of the regulation.

6

29 C.F.R. § 541.104.

In Defendants' Suggestions in Support of Their Motion for Summary Judgment, defendants presented the following Uncontroverted Material Fact: "35. As city clerk, Southard supervised the daily operations of the utility clerk and shared supervision of the daily operations of the treasurer with the chief of police." (doc #59 at 12) Based on defendants' own fact, plaintiff cannot meet the third requirement for being employed in a bona fide executive capacity, that is customarily and regularly directing the work of two or more other employees. Thus, plaintiff is entitled to judgment as a matter of law that she was not an exempt executive employee.

### III.     MEMBER OF AN ELECTED OFFICIAL'S PERSONAL STAFF

The FLSA provides the following definition for "employee" in the case of an individual employed by a public agency:

> (C) any individual employed by a State, political subdivision of a State, or an interstate governmental agency, other than such an individual--
>
> > (i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and
>
> > (ii) who—
>
> > > (I) holds a public elective office of that State, political subdivision, or agency,
>
> > > (II) is selected by the holder of such an office to be a member of his personal staff,
>
> * * *

29 U.S.C. § 203(e)(1)(2)(C).

The regulation setting forth the "Exclusion for elected officials and their appointees" provides in part:

> (b) The statutory term "member of personal staff" generally includes only persons who are under the direct supervision of the selecting elected official and have regular contact with such official. The term typically does not include individuals who are directly supervised by someone other than the elected official even though they may have been selected by the official. …
>
> (c) … [P]ersonal staff members must be appointed by, and serve solely at the pleasure or discretion of, the elected official.
>
> * * *

29 C.F.R. § 553.11.

Plaintiff set forth the following fact which defendants agreed was uncontroverted: "Plaintiff's employment with the City of Oronogo was terminated on April 12, 2011, when the Board of Aldermen did not approve the Mayor's reappointment of Plaintiff as City Clerk." (Plaintiff's Motion for Partial Summary Judgment (doc #55) at 2, ¶ 3; Defendants' Suggestions in Opposition to Plaintiff's Motion for Partial Summary Judgment (doc #63) at 1)  Given this fact, it is clear that plaintiff did not "serve solely at the pleasure or discretion of" the mayor and, thus, did not meet the statutory term "member of personal staff."  Plaintiff is entitled to judgment as a matter of law that she was not a member of an elected official's personal staff.

## IV. CONCLUSION

Based on the foregoing, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment (doc #55) is granted in part and denied in part.  The portion of the motion seeking a finding that plaintiff is entitled to judgment as a matter of law that she was not an exempt employee under the FLSA because defendants have failed to assert specific exemptions under the FLSA in their affirmative defenses

is denied. The portions of the motion seeking findings that plaintiff is entitled to judgment as a matter of law that she was not an exempt executive employee and that she was not a member of an elected official's personal staff are granted.

*/s/ Sarah W. Hays*
SARAH W. HAYS
UNITED STATES MAGISTRATE JUDGE